**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22 CR 151** |
| | ) | |
| **GILBERTO ALMANZA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In January 2025, Gilberto Almanza pled guilty to possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). The Court imposed the mandatory minimum sentence of 60 months on each count, served consecutively, for a total of 120 months of incarceration. Almanza now asks the Court to review his sentence considering amendments to United States Sentencing Guidelines §§ 2D1.1 and 3B1.2. The Court understands this motion as seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 833 to the United States Sentencing Guidelines. Almanza has also filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the Court denies both motions.

### Background

In February and March 2022, Almanza communicated with an individual who said that he wanted to purchase half a kilogram of cocaine. Unbeknownst to Almanza,

the individual was a law enforcement source. The source came to Almanza's home, where Almanza sold him half a kilogram of cocaine for $18,000. Not long after, the source said that he wanted to purchase another half kilogram of cocaine, and Almanza agreed. According to the government, the source had previously purchased "approximately kilo amounts of cocaine from the defendant every couple of months." Dkt. 107 at 6:22–23.

Law enforcement obtained a warrant and searched Almanza's home. In his bedroom, they discovered close to two kilograms of cocaine in a safe and over $40,000 in cash. On a bedside table near the safe, officers discovered a .22 caliber handgun. In a drawer of the table, they found boxes of ammunition, a bulletproof vest, and .223 caliber rifle rounds.

Almanza was charged in a four-count indictment. Three of the charges were under 21 U.S.C. § 841(a)(1): distributing five or more kilograms of cocaine (count 1); distributing cocaine (count 2); and possession of 500 or more grams of cocaine with intent to distribute (count 3). The fourth count was a charge of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count 4). Count 1 was dismissed by the government in October 2024.

In January 2025, Almanza pled guilty to counts 3 and 4, and the government dismissed count 2. Both counts 3 and 4 carried a statutory mandatory minimum sentence of five years, and a sentence under section 924(c) must run consecutively with any other sentence. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The advisory range under the Sentencing Guidelines was 120 to 131 months. The government recommended a sentence of 120 months, in part because Almanza, who is middle-aged, had no prior

criminal offenses. Almanza agreed that this sentence was appropriate. In April 2025, the Court imposed a sentence of 120 months of incarceration—the mandatory minimum—followed by four years of supervised release. The Court found the mandatory minimum sentence sufficient because Almanza is present in the United States without legal status and will likely face deportation upon completing his sentence. The Court noted that deportation involved a significant punishment, especially because Almanza has lived in the United States for decades and has several children in this country. Almanza forfeited the firearm, ammunition, and $41,592, and he was ordered to pay back the buy money of $18,000 as a condition of supervised release.

In April 2025, after sentencing, Almanza filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Dkt. 91. The Court denied the motion. Dkt. 92.

In October 2025, Almanza filed a motion to "request review of amendment to the United States Sentencing Guidelines (§2D1.1 and §3B1.2)." At the Court's instance, the government filed a response, and Almanza was afforded time to file a reply but did not do so. In January 2026, Almanza filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

## Discussion

### A. Motion for review under Amendment 833

At the outset, it is not entirely clear what relief Almanza seeks in his October 2025 motion. He asked the Court to review his sentence in light of amendments to United States Sentencing Guidelines §§ 2D1.1 and 3B1.2. Liberally construing Almanza's pro se filing, the Court understands this to be a motion for a sentence

3

reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 833 to the United States Sentencing Guidelines, which took effect in November 2025.

Section 3582(c)(2) permits "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" to move for a sentence reduction. 18 U.S.C. § 3582(c)(2). "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Guided by U.S.S.G. § 1B1.10, a district court should first calculate the Guideline range that would have applied if the later amendment had been in effect at sentencing, leaving other Guideline applications unchanged. *Dillon v. United States*, 560 U.S. 817, 827 (2010). A district court should then consider any applicable section 3553(a) factors to determine whether a sentence reduction is warranted. *Id.*

Amendment 833 altered U.S.S.G. § 2D1.1(a)(5), specifying base offense level reductions when a defendant receives a mitigating role adjustment under U.S.S.G. § 3B1.2 for being a minimal or minor participant in criminal activity. Amendment 833 also added a special instruction to U.S.S.G. § 2D1.1(e), "Application of §3B1.2 (Mitigating Role) to §2D1.1 Cases." The added instruction "expands the circumstances in which an adjustment under §3B1.2 is warranted in §2D1.1 cases by instructing courts that an adjustment is generally warranted if the defendant's 'primary function' in the offense was performing a low-level trafficking function." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines at 10 (2025), https://perma.cc/TGR9-7UMZ.

Almanza cannot seek a sentence reduction under Amendment 833. "The Guidelines allow for retroactive application only for amendments specifically listed in U.S.S.G. § 1B1.10(d)." *United States v. Coleman*, 138 F.4th 489, 512 (7th Cir.), *cert. denied*, 146 S. Ct. 275 (2025). Almanza was sentenced before Amendment 833 took effect, so it can only apply retroactively. Amendment 833 is not listed as retroactive in U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10(d). Even if Amendment 833 were retroactive, if a defendant was sentenced to a "statutory mandatory minimum term of imprisonment[,]" a reduction is "not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement." *Id.*, comment n.1(A). Almanza was sentenced to a mandatory minimum sentence, which is a second reason Amendment 833 cannot be the basis of a sentence reduction.

Although the Court need not proceed to the substance of this motion, Amendment 833 would not help Almanza even if it had been applied retroactively. The amendment to U.S.S.G. § 2D1.1 changes the base offense level in certain cases when the defendant receives a mitigating role adjustment under U.S.S.G. § 3B1.2. But Almanza did not receive a mitigating role adjustment. *See* dkt. 82 (Def.'s Sentencing Mem.); dkt. 107 (transcript of sentencing hearing). Additionally, U.S.S.G. § 2D1.1(e), the provision added by Amendment 833 and describing the application of the mitigating role adjustment in drug trafficking, permits adjustments "if the defendant's primary function in the offense was performing a low-level trafficking function" such as "serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout" or "distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit[.]" U.S.S.G.

5

§2D1.1(e)(2)(B).  These examples are illustrative rather than exhaustive, but it is abundantly clear that Almanza's conduct was not a "low-level trafficking function[.]"  U.S.S.G. § 2D1.1(e)(2)(B).  He sold a half kilogram of cocaine for $18,000 to a confidential source and offered to sell the source another half kilogram in a separate transaction.  A search of his home revealed over $40,000 in cash and about 1,800 grams of cocaine in a safe.  The criminal complaint included an affidavit from a special agent who described a confidential source purchasing 46 kilograms of cocaine from Almanza in September 2021.  In count 1 of the indictment, which was dismissed, Almanza was charged under 21 U.S.C. § 841(a)(1) with distributing five or more kilograms of cocaine on or about September 2021.  In short, section 2D1.1(e)(2)(B) does not fit the nature of Almanza's conduct, which involved tens of thousands of dollars and a substantial volume of cocaine far above "user-level quantities[.]"  U.S.S.G. § 2D1.1(e)(2)(B)(ii).

## B.    Motion for sentence reduction

Almanza has also moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits federal prisoners to request a sentence reduction under section 3582(c)(1)(A).  Section 3582(c)(1)(A)(i) allows a sentence reduction when warranted by "extraordinary and compelling reasons" and consistent with relevant policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *see United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021).  The Seventh Circuit has prescribed a two-step analysis for district courts.  First, "the prisoner must identify an 'extraordinary and compelling'

reason warranting a sentence reduction." *Thacker*, 4 F.4th at 576. Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

Almanza seeks a reduction of his 120-month sentence to 60 months. He says that the Court made a "sentencing error[.]" Dkt. 114 at 5. The Court sentenced Almanza to the statutory mandatory minimum of 60 months on each count, served consecutively as required by section 924(c)(1)(D)(ii). Imposition of a sentence mandated by law cannot be a sentencing error, and even if it is, sentencing error alone does not permit a sentence reduction under the compassionate release statute or Guidelines.[1]

Almanza invokes U.S.S.G. § 1B1.13(b)(5), entitled "Other Reasons," which provides that extraordinary and compelling circumstances meriting a sentence reduction may exist based on "any other circumstance or combination of circumstances that,

---

[1] The Court rules on Almanza's motion without ordering a response from the government because, on its face, the motion lacks merit. Had the government been asked to respond, it almost certainly would have raised Almanza's failure to exhaust administrative remedies as required by section 3582(c)(1). Section 3582(c)(1)(A) requires that a defendant submit a compassionate release request to the warden of the facility in which he is incarcerated. A defendant may request compassionate release from the district court after (1) "the defendant has fully exhausted all administrative rights to appeal [a denial of the request] or" (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Almanza has presented no evidence of administrative exhaustion. But without ordering a response from the government, which the Court deems unnecessary, the Court does not deny the motion on this basis.

when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4) detail extraordinary and compelling circumstances based on serious medical conditions, advanced age, family circumstances, and sexual or physical abuse by an individual who had custody over the defendant. *See id.* § 1B1.13(b)(1)–(4). This section does not mention sentencing error. Almanza does not argue that any of the circumstances enumerated in paragraphs (1) through (4) of section 1B1.13(b) apply to him, and he has not demonstrated a circumstance or combination of circumstance that are similar in gravity to those enumerated in paragraphs (1) through (4) of section 1B1.13(b). Although Almanza's wife died in a car accident while he was incarcerated, that tragic event alone does not match the gravity of paragraphs (1) through (4).

Almanza presents the Court with arguments under the section 3553(a) factors, including his work history and support for his family. The Court need not assess these factors, however, because Almanza has not identified an extraordinary and compelling basis meriting a sentence reduction.

A portion of Almanza's motion makes an argument that falls outside section 3582(c)(1) and cannot be the basis of a sentence reduction. Specifically, Almanza argues that his guilty plea did not contain the section 924(c) offense and that he was told by his counsel and the Court that he did not plead guilty to that offense. Both claims are incorrect. The guilty plea filed as part of the record unambiguously shows that Almanza pled guilty to the section 924(c) offense. *See, e.g.*, dkt. 79 ¶ 5 ("defendant agrees to enter a voluntary plea of guilty to the following counts . . . Count 4, which

charges the defendant with possessing a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)").  Almanza claims that during the change of plea hearing, the Court held up the plea agreement and stressed that the section 924(c) offense was not contained in the agreement. Wrong.  The Court has reviewed the rough transcript from the hearing.  It reflects that the Court held up the plea agreement *and asked Almanza if he had signed it*, pointing to the signature on the document.  The Court at no time suggested that the plea agreement did not include the section 924(c) offense—because it quite unambiguously *did* include an admission of guilt by Almanza to that offense.  Almanza also suggests that the offense was referred to in broad terms at the change of plea hearing to conceal his guilty plea to the section 924(c) offense.  Again, wrong.  The Court specifically described the elements of the section 924(c) charge and explained the mandatory minimum sentence required for that charge as well as the requirement for that sentence to be consecutive to the sentence on any other charge.  On the latter point, the Court specifically stated to Almanza that "if I gave you the lowest possible sentence on each of those charges, five years and five years, your sentence would be ten years because they have to be added together."  Almanza specifically stated that he understood this.

Following these and other admonitions, Almanza agreed to the government's summary of the evidence providing his guilt on the section 841 and section 924(c) charges, and he affirmed that he was pleading guilty to both counts.  Almanza, who does not speak English, states that he was confused during the hearing.  But he had the benefit of an interpreter, and he could have raised any confusion about the hearing, the contents of the plea agreement, or anything else at that time.  He did not do so.

9

Almanza goes on to argue that he is not guilty of the section 924(c) offense because the firearm was not found on his person and was not used. This argument lacks merit. Section 924(c) applies to a defendant who, "in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" 18 U.S.C. § 924(c)(1)(A). In other words, a defendant can be guilty of a section 924(c) offense for possessing a firearm, not just for using it. A firearm was found in Almanza's home, which was the location from which he sold drugs. And a search revealed that he stored significant quantities of drugs there and that the firearm was found in proximity to where he stored the drugs. That was amply sufficient to establish possession of the firearm in furtherance of a drug trafficking crime within the meaning of section 924(c). Almanza notes that the firearm was not found on his person, but a defendant can possess a firearm through control over it even if it is not found on his person. *See United States v. Maxwell*, 143 F.4th 844, 858 (7th Cir. 2025) (describing constructive possession under section 924(c)). Almanza's control over the firearm was established via the factual basis for his guilty plea, to which he specifically agreed at the guilty plea hearing. In any event, Almanza's asserted innocence of the section 924(c) offense and claimed flaws in his guilty plea are not bases for a sentence reduction under section 3582(c)(1).

Almanza raises a variety of other concerns, including a contention that his attorneys never explained the indictment to him or prepared him for his plea hearing and that he changed his mind regarding his plea. These points are, again, contradicted by Almanza's statements under oath at the guilty plea hearing. He specifically affirmed (among other things) that his lawyer had explained what the government had to prove to

10

convict him on the charges against him; that he had had enough time to talk to his lawyer before the hearing; and his lawyer had answered all these questions. Aside from the falsity of Almanza's contentions, section 3582(c)(1) does not allow for a sentence reduction on these asserted grounds.

Almanza has also filed a section 2255 motion alleging ineffective assistance by his counsel. The Court will address that motion separately.

**Conclusion**

For the foregoing reasons, the Court denies Gilberto Almanza's motion for a sentence reduction based on Amendment 833 under 18 U.S.C. § 3582(c)(2) [dkt. no. 108] and his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [dkt. 114]. The Clerk is directed to send a copy of this order to: Gilberto Almanza; No. 01239-506; FCI Oxford; PO Box 1000; Oxford, WI 53952.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 2, 2026

11